JAY M. RAYNOR, PLAINTIFF AND APPELLANT, v. HERMAN SHEFFLER AND LOUIS J. WARREN, DEFENDANTS AND APPELLEES.

Submitted December 3, 1909—Decided March 4, 1910.

If a thing borrowed is used in a different manner, or for a different purpose, or for a longer time, than was agreed by the parties, the borrower is guilty of a conversion, and is answerable for all damages, and even for a loss which due care could not have prevented.

---

On appeal from the District Court of the first judicial district of Bergen county.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the appellant, *Adolf L. Engelke.*

For the appellees, *Archibald C. Hart.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from a judgment rendered by the judge of the District Court of the first judicial district of Bergen county, sitting without a jury, in favor of the defendants, Herman Sheffler and Louis J. Warren, and against the plaintiff, the appellant.

The reversal of this judgment is sought upon the ground, among others, that the undisputed testimony before the court shows the defendants to have been guilty of the conversion of the plaintiff's mare, as charged in the state of demand.

With respect to the defendant Warren it is sufficient to say that the evidence disclosed no liability on his part, and the judgment in his favor was proper.

With respect to the liability of the defendant Sheffler the state of the case, considered in the light most favorable to him, exhibits the facts following:

The plaintiff, who lived in Englewood, had a bay mare for sale. Sheffler borrowed the mare to go to Hackensack for the purpose of trying her and "to make a dollar or two for himself." He said he would return not later than three o'clock in the afternoon. In fact, he drove to Hackensack, a distance of four miles, and then instead of returning by the direct route, he drove a very considerable further distance by a circuitous route to several other places on other business of his own. At about seven o'clock in the evening, at a place called Leonia, the horse's leg was broken, necessitating its being killed.

This conduct upon the part of Sheffler clearly shows the exercise of dominion over the mare for his own purposes and not as contemplated by the arrangement between him and the plaintiff.

The rule of law is that if the thing borrowed is used in a different manner, or for a different purpose, or for a longer time, than was agreed by the parties, the borrower is guilty of conversion and is answerable for all damages, and even for a loss which due care could not have prevented. 5 *Cyc.* 179; *Schoul. Bailm.*, §§ 73, 81, 82; *Story Bailm.*, §§ 232, 254.

The learned trial judge having erroneously rendered judgment in favor of the defendant Sheffler it results that the joint judgment in favor of both defendants must be reversed, although the defendant Warren was properly entitled to a judgment in his favor. Let the judgment under review, therefore, be reversed, and judgment final be entered in favor of the defendant Warren, and a new trial be awarded as against the defendant Sheffler.